IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ASHLEY BRIANNE FISK,                )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      Case No. CIV-25-260-JFH-GLJ
                                    )
OKLAHOMA DEPARTMENT                 )
OF HUMAN SERVICES,                  )
                                    )
            Defendant.              )

## REPORT AND RECOMMENDATION

Before the Court is Defendant Oklahoma Department of Human Services' ("DHS")

Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Docket No. 29].

On September 5, 2026, the Court referred this matter to the undersigned Magistrate Judge

for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636.

Docket No. 10. For the reasons stated below, the undersigned Magistrate Judge

recommends that the motion be GRANTED.

## BACKGROUND

This action arises out of a deprived-child proceeding and removal in Oklahoma state

court. Plaintiff Ashley Brianne Fisk is the mother of two Indian children, enrolled with the

Muscogee (Creek) Nation. Docket No. 8, at ¶ 1. In November 2024 removal proceedings

were initiated to remove the children on the basis that the grandmother's home constituted

"unsuitable housing." Docket No. 8, at ¶ 21. On August 14, 2025, Plaintiff filed an

-1-

Amended Complaint alleging claims against Mary Hosinger,[1] Marcia McClean, and Jesse Cook, all in their individual and official capacities, the Oklahoma Department of Human Services ("DHS"), DHS of Okfuskee County, Oklahoma, "OKFOSTERS," "subcontracted CPAs 1-10," and John/Jane Does 1-10, in their individual capacities. Docket No. 8.

Plaintiff maintains Defendants, collectively: (i) coerced her to present a child for removal that was located in Nevada and to enter into a "safety plan" regarding said child, (ii) failed to comply with the requirements of the Indian Child Welfare Act ("ICWA") by not providing a timely written notice, failing to "make and document 'active efforts' to prevent [the] breakup of the Indian family before foster care placement," disregarding ICWA's placement preferences, and not meeting the clear-and-convincing burden of proof with qualified expert witness testimony, (iii) forged Plaintiff's signature on an individualized service plan, (iv) failed to secure timely hearings and orders for maintaining the removal of the children for extended periods of times, and (v) denied kinship applications that were submitted through OKFOSTERS but never processed by DHS. Docket No. 2, at ¶¶ 21-34.

Plaintiff brings five causes of action against all Defendants: (1) violations of ICWA and the Oklahoma Indian Child Welfare Act (Count I), (2) procedural due process violations of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Count II), (3) unreasonable seizure violations under the Fourth Amendment and 42 U.S.C. § 1983 (Count

---

[1] The claims against Defendant Hosinger were dismissed without prejudice on April 6, 2026, after Plaintiff failed to respond to Defendant Hosinger's Motion to Dismiss and the undersigned Magistrate Judge's Show Cause Order. Docket Nos. 8, 45, 46, & 47.

III), (4) forgery and misrepresentation (Count IV), and (5) retaliation and coercion pursuant to 42 U.S.C. § 1983 (Count V). Docket No. 2, at ¶¶ 35-45. Plaintiff requests the Court declare that the Oklahoma state court lacked subject matter jurisdiction, invalidate the state court orders and actions pursuant to the ICWA, 25 U.S.C. § 1914, enjoin further state proceedings except to effectuate the transfer of proceedings to the Muscogee (Creek) Nation District Court or another tribal court of competent jurisdiction, order the immediate return of the children to Plaintiff or tribal jurisdiction, enjoin Defendants from relying on forged individualized service plans and safety plans, and award compensatory and punitive damages under 42 U.S.C. § 1983. Docket No. 2, at ¶¶ 46(A)-(F).

## ANALYSIS

Defendant DHS moves to dismiss the Amended Complaint pursuant to 12(b)(1) and (6) arguing: (i) Plaintiff's claims are jurisdictionally barred pursuant to the Eleventh Amendment, (ii) the *Roooker-Feldman*[2] doctrine deprives the Court of subject matter jurisdiction, (iii) the Court should abstain from exercising jurisdiction pursuant to the *Younger*[3] abstention, (iv) Plaintiff fails to comply with Fed. R. Civ. P. 8, and (v) Plaintiff fails to state a claim against DHS. The undersigned Magistrate Judge finds the motion should be granted and the Court should abstain under *Younger* for Plaintiff's claims pursuing declaratory and injunctive relief.

### I.    *ROOKER-FELDMAN*

---

[2] *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).
[3] *Younger v. Harris*, 401 U.S. 37 (1971)

Federal courts are courts of limited jurisdiction and "are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Pursuant to Fed. R. Civ. P. 12(b)(1) a party may move to dismiss for want of subject matter jurisdiction. Such motions may "'(1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rest.'" *Merril Lynch Bus. Fin. Servs. Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 1995) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013) (10th Cir. 2003)). In the case of a facial attack, the Court must accept the allegations in the Complaint as true. However, where a factual attack is presented the court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts." *SK Fin. SA v. La Plata Cnty. Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997). Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing subject matter jurisdiction. *Steel Co v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

"The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch*, 363 F.3d at 1074-75 (citing 28 U.S.C. § 1257(a)). "Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to hear claims that are either (1) actually decided by a state court, or (2) 'inextricably intertwined' with a prior state court judgment[.]" *Dickerson v. Bates*, 104 F. App'x. 699, 700 (10th Cir. 2004)

(internal citations omitted). The Tenth Circuit has instructed that "[t]he essential point is that barred claims are those 'complaining of injuries caused by state-court judgments.' In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012); *see also Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) ("While 'inextricably intertwined' is a somewhat metaphysical concept, the 'crucial point is whether the district court is in essence being called upon to review the state-court decision.'") (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). The jurisdictional bar is claim specific, *see In re Flanders*, 657 F. App'x 808, 814 (10th Cir. 2016) (unpublished), and a claim is not barred solely because it seeks relief inconsistent with the state court judgment. *Skinner v. Switzer*, 562 U.S. 521 (2011) ("If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question as earlier aired between the parties in state court.").

The *Rooker-Feldman* doctrine applies only where the challenged order is final. *See D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1230 n.7 (10th Cir. 2013) ("the Rooker-Feldman doctrine is triggered only 'after the state proceedings have ended.'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2013)). State proceedings are final once the time to appeal the state judgment or final order has lapsed. *See Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006). Here, as discussed in more detail below, the underlying state proceedings were ongoing at the time Plaintiff filed this action. Accordingly, the *Rooker-Feldman* doctrine is inapplicable here.

## II.    *YOUNGER* ABSTENTION

The *Younger* abstention doctrine requires a federal court to abstain from exercising jurisdiction "where 1) there are ongoing state proceedings; 2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and 3) the state proceedings involve important state interests." *Reed v. Stitt*, 2024 WL 5131892, at *2 (W.D. Okla. Dec. 16, 2024) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) (noting *Younger* "commands a federal court to abstain from exercising jurisdiction[.]"); *Chapman v. Barcus*, 372 F. App'x 899, 901 (10th Cir. 2010) ("Tenth Circuit cases consistently state that the application of *Younger* is mandatory.").

*Ongoing State Proceedings.* The first condition "involves two subparts: the proceedings must be *ongoing* and they must be the *type* of proceedings afforded *Younger* deference." *Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016) (emphasis in original). Regarding the first subpart, as is the case under *Rooker-Feldman*, state proceedings are final for the purposes of *Younger* abstention once the time for appeal has lapsed. *Id.* (citing *Bear*, 451 F.3d at 642). Here, based on the allegations contained in the Amended Complaint, the motion to dismiss, and Plaintiff's response to said motion, it is clear the underlying state proceedings are ongoing. Indeed, Plaintiff's prayer for relief in the Amended Complaint requests the court enjoin "further state proceedings" and that Defendants be "[e]njoin[ed] . . . to provide ICWA-Compliant notice, active efforts, placement preferences, [qualified expert witness] testimony, and recordkeeping in any further proceedings." Docket No. 8, at ¶¶ 46(B) & (D). Both statements indicate that the

proceedings are ongoing. Furthermore, in her response brief Plaintiff: (i) does not oppose Defendant DHS's assertion that proceedings are ongoing but instead argues that *Younger* abstention is improper on other grounds, (ii) included photos of filings in the underlying state proceedings which indicate that, although the case came on for adjudication on July 11, 2025, a subsequent adjudication hearing was set for August 11, 2025, four days after this action was filed; and (iii) asserts "[a]t a subsequent state court Deprivation Adjudication Trial in *November 2025*, Judge Maxey P. Riley made an explicit judicial finding[.]"[4] Docket No. 33, at pp. 7, 15 & 21 (emphasis added). Based on the foregoing, the undersigned Magistrate Judge finds the state proceedings were ongoing at the time this action was filed. *Chapman v. Barcus*, 372 F. App'x 899, 901 (10th Cir. 2010) ("[T]he state custody matter was ongoing at the time Chapman filed this action, thus satisfying the first *Younger* condition.").

As to the second subpart, *Younger* applies in three categories of cases: "(1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660 (10th Cir. 2020) (quoting *Spring Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)). "[T]he breadth of consensus among district courts and Courts of Appeals

---

[4] "Motions to dismiss predicated on abstention doctrines constitute factual attacks on subject matter jurisdiction." *Info. Dock Analytics LLC v. Coughlin*, 2019 WL 1316107, at *1 (D.N.M. Mar. 22, 2019) (citing *Hill v. Whetsel*, 2007 WL 963216, at *1 n.2 (W.D. Okla. Mar. 28, 2007)). As such, the Court may look beyond the allegations in the Complaint. *See SK Fin. SA*, 126 F.3d at 1275.

demonstrates that direct challenges to child custody and support orders, and related proceedings . . . fall into *Sprint*'s third category of exceptional cases." *Balderama v. Bulman*, 2023 WL 2728148, at * 10 (D.N.M. Mar. 31, 2023) (collecting cases); *Reed*, 2024 WL at *2-3 (finding claims that a state court judge violated due process rights through state-court paternity proceedings to be the type of proceeding that is due deference under *Younger* abstention.); *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) ("This court and other circuits have consistently applied *Younger* to child custody cases.") (collecting cases). Thus, the case before the Court falls within this third category of exceptional cases.

*Adequate State Forum.* The second *Younger* requirement—that the state court be an adequate forum for Plaintiff's claims—is also met. "A plaintiff 'typically has 'an adequate opportunity to raise federal claims in state court' unless State law 'clearly bars the interposition of the federal statutory and constitutional claims.'" *Pickup v. District Court of Nowata Cnty, Okla.*, 2023 WL 1394896, at * 66 (N.D. Okla. Jan. 31, 2023) (quoting *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). Plaintiff has not asserted that Oklahoma state courts are an inadequate forum for asserting his claims, and "[w]hen . . . a litigant has made no effort in state court to present his claims, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987); *See Pickup*, 2023 WL 1394896, at * 66 ("The Court has looked at the Oklahoma code to determine whether any State statute bars the Plaintiff's federal claims [for a declaratory judgment under Rule 57 and damages under § 1983] and found none[.] . . . [T]he Court is not aware of any problem with raising these claims in State Court. Absent any indication that the

Oklahoma Legislature prohibits its courts from hearing the Plaintiffs' federal claims, the Court concludes that the State courts offer an adequate forum for the Plaintiffs' federal claims.").

*Important State Interests.* Lastly, Plaintiff's claims involve important state interests. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the State and not to the laws of the *United States.*" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) ("It cannot be gainsaid that adoption and child custody proceedings are an especially delicate subject of state policy, the [Supreme] Court stating that '[f]amily relations are a traditional area of state concern.'") (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). Plaintiff's argument that this third prong fails because abstention does not apply to federal constitutional claims such as ICWA is unpersuasive. Courts routinely have found *Younger* abstention is required even if Plaintiff's claims arise out of the ICWA. *Yancey v. Bonner*, 323 F. App'x 674, 676 (10th Cir. 2009) ("In *Morrow* . . . we held that the ICWA was not 'intended to allow federal court interdiction of *ongoing* state custody disputes involving Indian Children.' Moreover, the majority specifically rejected the dissents argument that § 1914 of the ICWA authorizes federal court intervention in ongoing custody proceedings.") (quoting *Morrow*, 94 F.3d at 1395; *Luther v. Okla. ex rel Okla. Dep't of Hum. Servs.*, 2025 WL 1165282, at *6 (W.D. Okla. Apr. 2, 2025) ("Third, nothing in the record suggests that Plaintiff lacks a meaningful opportunity to raise ICWA-related arguments in state court. . . . For these reasons, the Court finds that abstention over Plaintiff's ICWA claims is warranted.").

Having found all three elements met, the undersigned Magistrate Judge finds the Court must abstain from exercising jurisdiction over Plaintiff's ICWA claim (Count I) and state law claims for "forgery and misrepresentation" (Count IV) and recommends these counts be dismissed without prejudice.[5] *Goings v. Sumner Cnty. Dist. Att'ys Off.*, 571 F. App'x 634, 639-40 (10th Cir. 2014 ("*Younger*-abstention dismissals have been treated as roughly akin to jurisdictional dismissals and, accordingly, have been considered to be *without* prejudice."). As it pertains to Plaintiffs § 1983 claims, (Counts II, II, and V), it appears these claims only seek money damages for relief as opposed to the declaratory or injunctive relief. To the extent they may be construed as seeking declaratory or injunctive relief, however, *Younger* requires dismissal of the claims without prejudice. However, as to t these claims seek monetary damages "the appropriate course is 'staying proceedings on the federal damages claim until the state proceeding is final.'" *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023); *See Smith v. Lake*, 2016 WL 4690396, at *2 (E.D. Okla. Sept. 6, 2016) ("[T]he court declines to entertain plaintiff's claims for declaratory and injunctive relief. Plaintiff, however, also seeks monetary damages. Such claims do not 'fall within the purview of *Younger* abstention.'") (quoting *Morkel*, 514 F. App'x at 727.

### III.    28 U.S.C. § 1915

---

[5] Because the undersigned Magistrate Judge finds the Court must abstain from exercising jurisdiction, the undersigned Magistrate Judge declines to address Defendants' remaining arguments regarding Plaintiff's ability to state a claim or whether he properly effectuated service.

Because Plaintiff is proceeding *in forma pauperis*, the undersigned Magistrate Judge proceeds, pursuant to 28 U.S.C. § 1915, to screen the remainder of Plaintiff's claims prior to this case being stayed. Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A Plaintiff is not required to make out a perfect case in their complaint. Rather, "[i]t suffices for [her] to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 267 (10th Cir. 1994). Notwithstanding these provisions, courts may dismiss an action, pursuant to § 1915, when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id.* (citations omitted). Moreover, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Okla. Dep't of Hum. Servs., Shawnee Okla.*, 925 F.2d 363, 364 (10th Cir. 1991).

A court shall dismiss a case at any time if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who

-11-

is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Indeed, the Tenth Circuit has instructed that a district court is *required* to dismiss an IFP claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

*Eleventh Amendment Immunity.* Federal courts are courts of limited jurisdiction and "are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by congress." *Henry v. Off. of Thrift Supervision*, 43 F.3d at 511. The Eleventh Amendment provides:

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. Const. amend XI. The Eleventh Amendment has been interpreted such that States are immune to suit in Federal Court "unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933)). "'This prohibition encompasses suits against states agencies [and] [s]uits against state officials acting in their official capacities.'" *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (alterations in original) (quoting *Green*, *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010)). There is, however, a "narrow exception"

-12-

to Eleventh Amendment immunity, set forth under *Ex parte Young*, 209 U.S. 123 (1908), for suits against state officials where prospective injunctive relief is sought and the named state official "actually 'ha[s] the power to perform the act required[.]'" *Luther*, 2025 WL 1165282, at *4 (quoting *Klein v. Univ. of Kan. Med. Ctr.*, 975 F. Supp. 1408, 1417 (D. Kan. 1997)).  The *Ex parte Young* exception applies where four requirements are met:

> (1) the plaintiff[] [is] suing state officials, rather than the state itself; (2) the plaintiff[] ha[s] alleged a non-frivolous violation of federal law; (3) the plaintiff[] seek[s] prospective equitable relief, rather than retroactive monetary relief from the state treasury; and (4) the suit does not implicate "special sovereignty interests."

*Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 975 (10th Cir. 2001) (citing *Elephant Butte Irrig. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 609 (10th Cir. 1998)).

Because only Plaintiff's claims for damages remain, the *Ex parte Young* exception does not apply. Indeed, to the extent Plaintiff's claims could be said to have sought prospective relief, such claims were dismissed pursuant to *Younger* abstention Undoubtedly, DHS is an arm of the state and the claims against it must be dismissed pursuant to Eleventh Amendment immunity.  *See K.A. v. Barnes*, 134 F.4th 1067, 1073 (10th Cir. 2025) (noting Colorado DHS is an arm of the state).[6] Likewise, Plaintiff's claims

---

[6] The undersigned Magistrate Judge notes that Plaintiff cites *K.A. v. Barnes*, 134 F.4th 1067 (10th Cir. 2025) in her response briefing indicating, as it pertains to ICWA, that the Tenth Circuit "emphasized that 'a qualified expert witness must be capable of testifying to prevailing social and cultural standards of the child's tribe[.]'" Docket No. 33, at p. 10. Notably, however, the case does not contain the quoted language, nor does it address the qualified expert requirement of ICWA. This does not appear to be a one-off error as Plaintiff's response brief contains a reference to at least one other quote that does not exist, *See* Docket No. 33, at p. 8 (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30 (1989)), and cites to cases maintaining they stand for one proposition, when in fact they do not. *See* Docket No. 33, at p. 10 (citing *State ex rel Juv. Dep't v. Charles*, 810 P.2d 393 asserting it "holds that [a] temporal delay between allegation and removal is inconsistent with [an] emergency[,]" despite the case not contemplating as such). The

against Marcia McClean and Jesse Cook in their official capacities as personnel of DHS must be dismissed because Eleventh Amendment immunity "encompasses . . . [s]uits against state officials acting in their official capacities[,]" *Collins*, 916 F.3d at 1315.

Therefore, the Court does not have subject-matter jurisdiction over Plaintiff's § 1983 claims against Defendants DHS, DHS of Okfuskee County, Oklahoma[7], Marcia McLean in her official capacity, and Jesee Cook in his/her official capacity, and the undersigned Magistrate Judge recommends they be dismissed without prejudice. *Luther*, 2025 WL 1165282, at *4 ("[W]hile the Supreme Court has created a 'narrow exception' to the Eleventh Amendment immunity for suits against state officials, . . . that exception is limited to suits seeking prospective injunctive relief, . . . and only where the named state official actually has the power to perform the act required[.] . . . Plaintiff's constitutional claims fail as a matter of law to the extent they are asserted against DHS and its employees in their official capacities for monetary damages or for retroactive relief they lack authority to provide.") (emphasis added) (internal quotations and citations omitted).

*Count III: Fourth Amendment Violations.*  The Fourth Amendment protects persons from "unreasonable . . . seizures." U.S. Const. Amend. IV. "A seizure occurs 'within the meaning of the Fourth Amendment when a reasonable person would believe that he or she

---

undersigned Magistrate Judge cautions Plaintiff that Fed. R. Civ. P. 11(b)(2) applies to her despite her pro se status and continued failures to comply with Rule 11 can result in sanctions.

[7] As noted by DHS in its motion to dismiss, in addition to DHS, Plaintiff's Amended Complaint names the Oklahoma Department of Human Services of Okfuskee County, Oklahoma, as a Defendant in this action. However, the DHS office of Okfuskee County is not a distinct entity from DHS. As such, to the extent DHS of Okfuskee County is named as a Defendant in this action, the claims against it should be dismissed as well.

is not free to leave.'" *Halley v. Huckaby*, 902 F.3d 1136, 1145 (10th Cir. 2018) (quoting *Florida v. Royer*, 460 U.S. 494, 514 (1983)).

Plaintiff alleges her children were unreasonably seized in violation of the Fourth Amendment. However, Fourth Amendment rights are personal and cannot be vicariously asserted. *Rakas v. Ill.*, 439 U.S. 129, 133-34 (1978). "Undoubtedly, parents may assert their children's Fourth Amendment rights *on behalf of* their children." *Hollingsowrth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997) (emphasis in original). But "[i]n this circuit, . . . 'under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.'" *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (quoting *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). Here, Plaintiff is proceeding pro se on behalf of herself, alleging vicarious violations of the Fourth Amendment. Such a claim cannot stand against any of the Defendants. As such, the undersigned Magistrate Judge recommends Count II of the Amended Complaint be dismissed, without prejudice, against all Defendants.

*Rule 8.*  Lastly, the undersigned Magistrate Judge finds Plaintiff's remaining § 1983 claims for monetary damages run afoul of Rule 8 which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8. The complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Thus, through the complaint Plaintiff "must explain what each defendant did to him or her;

-15-

when the defendant did it; how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2006). Where a Complaint fails to accomplish these basic requirements, "a district court may dismiss the action *sua sponte* for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 765 F. App'x 782, 785 (10th Cir. 2018) (italics added) (unpublished). Because Plaintiff is proceeding *pro se*, her "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "This [C]ourt, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

The Amended Complaint here alleges: (a) DHS is a state child welfare agency, (b) "OKFOSTERS" is a DHS affiliated entity or vendor/platform that works with DHS to process kinship/foster placement applications, and (c) Marcia McClean and Jesse Cook are DHS personnel (either by employment or contract) who were involved in the removal of Plaintiff's children. Docket No. 8, at ¶¶ 8-10. Outside of these allegations, the Amended Complaint refers only to the collective "Defendants" and does not delineate exactly who is alleged to have done what to whom. *See Robbins*, 519 F.3d at 1250. Such allegations are insufficient to provide Defendants fair notice as to the basis of Plaintiff's claims—particularly so in the context of § 1983 claims. *See Id.* Given Plaintiff's allegations against the collective "Defendants," the undersigned Magistrate Judge finds the Amended Complaint runs afoul of the pleading requirements of Rule 8 and recommends the

Complaint be dismissed in its entirety. *Luther*, 2025 WL 1165282, at *3 ("[A]lthough plaintiff sues seven individual DHS employees, the complaint refers to them collectively throughout and rarely, if ever, attributes specific conduct to any one of them. . . . This approach falls short of even the basic notice-pleading requirements set forth in Rule 8."); *Robbins*, 519 F.3d at 1250.

## IV.    LEAVE TO AMEND

In summary the undersigned Magistrate Judge finds and recommends that pursuant to *Younger* abstention, Counts I and IV be dismissed in their entirety and Counts II, III, and IV be dismissed to the extent Plaintiff seeks declaratory and injunctive relief, all without prejudice. As to Plaintiff's § 1983 claims for monetary damages (Counts II, III, and IV), the undersigned Magistrate judge finds and recommends: (i) Count III be dismissed, without prejudice, as to all Defendants because Plaintiff cannot vicariously assert a violation of the Fourth Amendment and cannot proceed on behalf of the children as a *pro se* litigant, (ii) all remaining claims against Defendants DHS, DHS of Okfuskee, Oklahoma, Marcia McClean in her official capacity, and Jesse Cook in his official capacity, be dismissed for want of subject matter jurisdiction pursuant to the Eleventh Amendment, and (iii) Counts II and IV be dismissed for failing to comply with Fed. R. Civ. P. 8.

Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, such leave to amend need not be granted where such amendment is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the undersigned Magistrate Judge finds leave to amend would be futile with respect to Counts I, III, and IV as alleged against all Defendants, and Counts II and V as alleged against

Defendants DHS, DHS of Okfuskee County, Oklahoma, Marcia McClean in her official capacity, and Jesse Cook in his official capacity, and to the extent Plaintiff seeks declaratory and/or injunctive relief.

However, insofar as Counts II and V seek monetary damages pursuant to § 1983 and are alleged against "OKFOSTERS," Marcia McClean in her individual capacity, Jesse Cook in his individual capacity, and unidentified CPAs and John/Jane Does, the undersigned Magistrate Judge recommends Plaintiff be provided a limited opportunity to amend her complaint, following the stay of proceedings in this action pursuant to *Younger*. Particularly the undersigned Magistrate Judge finds Plaintiff should not be permitted amend her complaint to add new parties or new claims, but only to add factual allegations to bolster Counts II and V as to the above defendants and to "make clear exactly *who* is alleged to have done *what* to *whom*, to prove each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations." *Robbins*, 519 F.3d at 1250.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS:

1. Defendant DHS' Motion to Dismiss Plaintiff's Amended Complaint and Brief In Support [Docket No. 20] be GRANTED and, pursuant to *Younger*, Counts I and IV be dismissed wholesale, without prejudice, and Counts II, III, and IV be dismissed without prejudice to the extent they may be construed as seeking declaratory or injunctive relief;

2. All remaining claims against Defendants DHS, DHS Okfuskee County, Oklahoma, Marcia McClean, in her official capacity, and Jesse Cook, in his official capacity, be dismissed, for want of subject matter jurisdiction pursuant to the Eleventh Amendment;

3. Count III be dismissed as Plaintiff cannot vicariously assert her children's Fourth Amendment rights;

4. Counts II and IV be dismissed for failing to state a claim;

5. This action be stayed pursuant to *Younger* abstention;

6. Plaintiff be directed to submit a Joint Status Report within ninety days of any Order adopting this Report and Recommendation or within thirty days upon the conclusion of the underlying action, whichever occurs first; and

7. Plaintiff be provided, once the stay is lifted, a limited opportunity to amend her complaint to add factual allegations to further bolster Counts II and V and comply with Fed. R. Civ. P. 8 by further delineating who is alleged to have done what to whom. The undersigned Magistrate Judge recommend that any such amendment be due twenty-one days after the stay is lifted and contain, as an exhibit, a red-lined copy reflecting any and all changes made to the Amended Complaint. Should no amendment be timely filed, the undersigned Magistrate Judge recommends that judgment be entered against Plaintiff.

Any objections to this Report and Recommendation must be filed within fourteen days, or by May 18, 2026. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and

response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 4th day of May 2026.

_____

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**