**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ASHLEY BRIANNE FISK,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 25-CV-260-JFH-GLJ** |
| **OKLAHOMA DEPARTMENT OF HUMAN SERVICES,** *et al.*, | |
| **Defendants.** | |

**<u>OPINION AND ORDER</u>**

Before the Court is the Report and Recommendation of United States Magistrate Judge Gerald L. Jackson, which recommends granting Defendant Oklahoma Department of Human Service's ("DHS") Motion to Dismiss [Dkt. No. 29], dismissing all of Plaintiff Ashley Brianne Fisk's claims against all Defendants, and staying this action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. No. 48 at 18-20. Neither party objected to the Magistrate Judge's Report and Recommendation within the 14-day period prescribed by 28 U.S.C. § 636(b). Having reviewed the Report and Recommendation, the Court concurs with the Magistrate Judge's recommendation that DHS's Motion be granted and all of Plaintiff's claims should be dismissed against all Defendants. However, the Court disagrees this action should be stayed.

Plaintiff asserts five claims against the various defendants, including the Oklahoma Department of Human Services and several individuals sued in their official and individual capacities, "to redress the unlawful removal, retention, and interference with familial association carried out by state actors and contracting entities." Dkt. No. 8 at 1. These claims include:

(1) A claim alleging Defendants' noncompliance of the Indian Child Welfare Act and Oklahoma Indian Child Welfare Act;

(2) A Section 1983 claim for Defendants' violations of her Fourteenth Amendment right to procedural due process;

(3) A Section 1983 claim for Defendants' violations of her Fourth Amendment right to be protected from unreasonable seizures;

(4) An Oklahoma state law claim for forgery and misrepresentation; and

(5) A Section 1983 alleging that Defendants "engaged in coercive, retaliatory conduct chilling Plaintiff's exercise of parental rights."

*Id.* at 6-7. Based on these claims, Plaintiff asks the Court to declare that an Oklahoma state court lacked jurisdiction in proceedings involving her biological children, to invalidate the state court's orders in those proceedings, to enjoin further proceedings in that court, to order the immediate return of her children to her or to tribal jurisdiction, to enjoin Defendants from relying on forged individualized service plans and safety plans, and to award compensatory and punitive damages under 42 U.S.C. § 1983. Dkt. No. 8 at 8-9.

In his Report and Recommendation, the Magistrate Judge determined that Counts One and Four should be dismissed based on the *Younger* abstention doctrine [Dkt. No. 48 at 10] which "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669–70 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). Furthermore, to the extent Counts Two, Four, and Five sought declaratory or injunctive relief, the Magistrate Judge also recommended that those counts be dismissed under *Younger*. Dkt. No. 48 at 10. But, to the extent Counts Two, Four, and Five sought monetary damages against the individual Defendants in their individual capacities, the Magistrate Judge believed "the appropriate course [was] staying proceedings on the federal damages claim[s] until the state proceeding is final." *Id.* (quoting *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023)).[1]

---

[1] Later, the Magistrate Judge also determined that the Oklahoma Department of Human Services and the individuals sued in their official capacities had Eleventh Amendment Immunity from

Importantly, however, the Magistrate Judge later recommended dismissing all counts against all Defendants because Plaintiff did not sufficiently plead any of her claims under Federal Rule of Civil Procedure 8. *Id.* at 16-17 ("Given Plaintiff's allegations against the collective 'Defendants,' the undersigned Magistrate Judge finds the Amended Complaint runs afoul of the pleading requirements of Rule 8 and recommends the Complaint be dismissed in its entirety."). Given this finding, the Court believes a stay of proceedings is unwarranted. Indeed, courts within the Tenth Circuit have consistently dismissed complaints requesting monetary damages based on a plaintiff's failure to comply with Rule 8, regardless of *Younger* abstention. *See Headman v. Hansen*, No. 2:19-CV-592, 2020 WL 1139150, at *3 (D. Utah Mar. 9, 2020), *aff'd*, 815 F. App'x 315 (10th Cir. 2020) ("Even if [plaintiff's] claims were not subject to dismissal under the doctrines of *Rooker-Feldman*, *Younger* abstention, and judicial immunity, [plaintiff] has failed to satisfy the pleading requirements of Rule 8."); *Marck v. Miller*, No. 22-CV-238, 2022 WL 3443803, at *6 (D. Colo. June 13, 2022), *report and recommendation adopted*, 2022 WL 3443777 (D. Colo. July 13, 2022), *aff'd*, No. 22-1241, 2023 WL 2592176 (10th Cir. Mar. 22, 2023) ("[E]ven if *Younger* does not apply here, Plaintiff fails to comply with the pleading requirements of Rule 8(a)."); *Boeckman v. Rodriguez*, No. 10-CV-214, 2010 WL 2867968, at *2-3 (N.D. Okla. July 20, 2010) ("Even were *Younger* abstention not applicable in the instant action . . . . the complaint [Doc. No. 1] is deficient and must be dismissed without prejudice because it fails to afford [the] defendant[s] fair notice of plaintiff's claims and the factual ground upon which [they] are based.") (citations and quotations omitted).

---

Counts Two, Three, and Four to the extent Plaintiff sought monetary damages for those claims. Dkt. No. 48 at 13-14. He also recommended dismissing Count Three because Plaintiff cannot vicariously assert her children's Fourth Amendment rights pro se. *Id.* at 14-15.

**CONCLUSION**

Accordingly, the Court ADOPTS the Magistrate Judge's Recommendation IN PART. The Court will GRANT DHS's Motion to Dismiss. Dkt. No. 29. Additionally, pursuant to the Magistrate Judge's Recommendation, the Court will DISMISS all of Plaintiff's claims against the Defendants without prejudice. Because the Court dismisses all of Plaintiff's claims, it will not enter a stay of this case.

Instead, pursuant to the Magistrate Judge's recommendation [Dkt. No. 48 at 18], Plaintiff will be granted a limited opportunity to amend her Amended Complaint to (1) add factual allegations to bolster Counts Two and Five and (2) to comply with Fed. R. Civ. P. 8 by delineating who is alleged to have done what to whom. Any such amendment is due twenty-one (21) days after the entry of this order. Should no amendment be timely filed, judgment shall be entered against Plaintiff.

Dated this 3rd day of June 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE